Maus v. Bome.

No. 14,226.

MAUS v. BOME.

ATTACHMENT.—*Trial of Right of Property.—Complaint.—Sufficiency of.*—In an action under the provisions of section 1529, R. S. 1881, to try the right of property seized by virtue of an attachment, a complaint which alleges that the plaintiff is the owner of the property seized, states an absolute claim, and is sufficient.

SAME.—*Party in Possession.—Declarations of.—Admissibility.*—In such action the party instituting the attachment proceeding may prove that the defendant in the writ had possession and control of the property as *prima facie* evidence of ownership, and may show his declarations while in possession, as indicating the character of the possession, whether made in the presence of the adverse party or not.

From the Marion Circuit Court.

*A. B. Young,* for appellant.

OLDS, J.—This was an action brought by the appellee against the appellant to try the right of property under the provisions of section 1529, R. S. 1881.

The appellant brought suit before a justice of the peace against one Abraham Jacobs, and instituted proceedings in attachment, and attached the property in controversy as the property of said Jacobs, and the appellee instituted this suit to try the right to such property. The property consisted of a counter, side-board, ice-chest, and other saloon and bar fixtures.

Issues were joined and a trial had before the justice. The cause was appealed to the circuit court, and again tried, resulting in a verdict and judgment for the appellee.

Appellant filed a motion for a new trial, which was overruled, and exceptions reserved.

The errors assigned are:

1. That the complaint does not state facts sufficient to constitute a cause of action.

Maus v. Bome.

2. That the court below erred in overruling the motion for a new trial.

It is contended that the complaint is not sufficient, in that it does not state that the plaintiff is entitled to the possession of the property.

The statute, section 1529, *supra*, authorizing an action of this character to be brought, expressly states what shall be set forth in the complaint, and it requires that the complaint shall state the plaintiff's claim to the property, and " the nature of such claim, whether absolute or conditional." The complaint in this case alleges that the plaintiff is the owner of the property, it states an absolute claim, and is sufficient under the statute.

Abraham Jacobs formerly owned the property in controversy. The appellee claimed to have purchased the property, and to be the owner of the same at the time it was taken by the officer by virtue of the writ of attachment. The appellant offered to prove by one Charles Gerton, a witness in his behalf, that after the trial the appellee claimed to have purchased the property, and immediately, and within a few days before the goods were seized by the officer, that Jacobs was in full possession of the saloon and the fixtures in controversy, and while so in full possession, and apparently conducting the saloon business and using the fixtures, that there at the saloon during business hours, while using the fixtures, he stated to witness that he wanted a place to store the goods in controversy, and that he wanted to sell them, and if witness would send him a purchaser he would pay him for so doing; that Jacobs several times stated that he wanted to sell them and wanted a place to store them.

Appellant also offered to prove by one Richt that the said Jacobs, while in possession, employed him to pack some of the goods, and that he stated to him that they were only to be shipped to Crawfordsville; that Jacobs stated to the witness at the place of business, and while in possession of the goods, that he wanted to sell his fixtures, and told the wit-

ness what he would take for them, that he would take $300, and give possession in five minutes.

The witnesses were placed upon the witness-stand and proper questions asked to elicit the testimony, and objection was made, on the grounds that the statements of Jacobs were not made in the presence of the appellee, and the court sustained the objections, and excluded the testimony, and appellant excepted.

It seems to be well settled by the decisions of this court, that where the title to personal property is involved, a party may prove that the person through whom he claims title had possession and control of such property as *prima facie* evidence of ownership, and the act of possession having been proven, that the declarations of such person while in possession, indicating the character of the possession, are also admissible in evidence, whether made in the presence of the adverse party or not. *McConnell* v. *Hannah*, 96 Ind. 102, and authorities there cited. See, also, *Creighton* v. *Hoppis*, 99 Ind. 369; *Brown* v. *Kenyon*, 108 Ind. 283; *Riehl* v. *Evansville, etc., Ass'n*, 104 Ind. 70; *Durham* v. *Shannon*, 116 Ind. 403.

This doctrine renders the proof of the possession of the property by Jacobs, and the statements made by him while in the full possession, controlling and using the property in controversy, admissible in evidence as explanatory of his possession, though such declarations and statements were made in the absence of the appellee.

It follows from this conclusion that the court erred in excluding the evidence of the statements of Jacobs made while in the possession, control and use of the property in regard to such property, and in overruling the motion for a new trial. For this error the judgment must be reversed.

Judgment reversed, at costs of appellee, with instructions to sustain appellant's motion for a new trial.

Filed May 2, 1890.