J. C. ROLLOFSON and Another v. EDWARD N. NASH.

January 9, 1899.

Nos. 11,409—(187).

Levy upon Execution—Claim of Title by Third Party—Possession Evidence of Title—Declarations.

In an action where the title to personal property is involved, a party may prove that the person through whom he claims title had possession and control of such property as prima facie evidence of ownership, and, the act of possession having been proven, the declarations of such person while in possession, indicating the character of the possession, are also admissible in evidence, whether made in the presence of the adverse party or not.

Verdict Justified by Evidence.

Held, also, that the evidence justified the verdict.

Action in the district court for Grant county against defendant

sheriff to recover $2,000 for the conversion of certain merchandise. The cause was tried before C. L. Brown, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*C. J. Gunderson,* for appellants.

*Andrew O. Ofsthun,* for respondent.

BUCK, J.

On November 18, 1896, Ole J. Lee, as plaintiff, recovered a judgment against one Mathias Rollofson, father of the plaintiffs in this action, for the sum of $251.45. The Rollofsons lived near the village of Hoffman, Grant county, in this state, one son being 25 years old and the other aged 22 years. About May 1, 1897, or the latter part of April, the plaintiffs started a store in Hoffman; and on September 18 of that year the defendant, Nash, as sheriff of that county, by virtue of an execution issued on said judgment, levied on a large amount of goods in said store as the goods of the father, Mathias Rollofson, claiming that the goods belonged to him; and thereupon the plaintiffs brought this action against the defendant sheriff, claiming that the goods levied upon were their property, and seek to recover from the defendant the value thereof, which they allege to be $1,200, and also claim damages for the interruption of their business.

The defendant answered, alleging that the goods levied upon belonged to the father, and not to the sons. At the trial the question of ownership of the goods was submitted to the jury, and it rendered a verdict in favor of the defendant. The court denied the plaintiffs' motion for a new trial, and they appealed.

The questions of fact appear to have been controverted upon the trial; the controversy was actual and substantial; and there was sufficient evidence to sustain the verdict.

Errors of law herein are assigned as to the admission of declarations of the father, Mathias Rollofson, as to his ownership or interest in the goods. It was conclusively proven that Mathias Rollofson was in the store nearly all the time where the goods were kept for sale.

While he was in the store alone, a man came in and asked Ma-

thias Rollofson how much he owed him, and said that he thought the latter needed the money, and he came in to pay it. Thereupon Rollofson turned to the books, and told him the amount. The man paid it, and Rollofson gave him a receipt. This matter may be considered in connection with the testimony of another witness, who testified that during the months of June and July, 1897, when the father was in the store alone, a conversation took place between them in regard to the witness bringing a stock of goods up there, when the father said: "Well, I have this store, and I might get a chance to put in some clothing there." At that time he never mentioned his sons.

It is the contention of appellants that, as both plaintiffs were absent at the time the talk took place, it should not be admitted as evidence against them. But this admission that the father was there alone militates against them, for it shows that the father was then in possession and control of the goods.

About the time that plaintiffs claim to have commenced business, the father, although claiming to be insolvent, went to La Crosse, Wisconsin, and purchased merchandise to the amount of $1,000 of one Mons Anderson, and then paid him in cash $650, and it is fairly inferable from the evidence that this was the father's own money, less perhaps the sum of $50. These goods were shipped to the village of Hoffman, and several boxes were consigned to M. Rollofson & Sons, and receipted for by them, and some of the said boxes were consigned to M. Rollofson. The exact date when plaintiffs went into business is not satisfactorily stated, but it is not claimed that these goods so consigned to M. Rollofson & Sons did not go into plaintiffs' store, where the father was engaged in conducting the business or assisting in doing so.

Prior and subsequent to this time the father had also become security for plaintiffs in the sum of several hundred dollars, which has not been paid, and which amount went into plaintiffs' business. The father had also transferred his farm to one of these plaintiffs, and by him it was conveyed to his mother, without any consideration passing in either case.

It seems to be settled in some courts, at least, that where the title to personal property is involved, a party may prove that the person

through whom he claims title had possession and control of such property, as prima facie evidence of ownership; and, the act of possession having been proven, that the declarations of such person while in possession, indicating the character of the possession, are also admissible in evidence, whether made in the presence of the adverse party or not. Maus v. Bome, 123 Ind. 522, 24 N. E. 345; Elwood v. Saterlie, 68 Minn. 173, 71 N. W. 13. See also Lehmann v. Chapel, 70 Minn. 496, 73 N. W. 402. This doctrine, of course, renders the proof that the father was in possession and control of the property in question admissible in evidence, although the plaintiffs were absent when the statements and declarations of the father were made.

We are of the opinion that these facts justified the trial court in submitting the question of the ownership of the property to the jury. There were sufficient facts, including the conduct of the father, to submit to the jury whether the latter was engaged with the sons in an enterprise wherein the property used in the concern was that of the father, and in such case the latter's possession and control of the property made his declarations admissible in evidence as part of a transaction on which the right of creditors depended. Such statements of a person who has participated in the transaction are not considered mere hearsay, but legitimate evidence of the act done, and are thus competent evidence. 2 Rice, Ev. p. 960.

It remains, however, for us to consider the question of the admission in evidence of the witness Sethney, who was permitted to testify that Mathias Rollofson had told him that he had built a store in Hoffman next to the store he had occupied; that he was going to commence business, or had commenced, there, and was not thinking of putting in clothing; that it would be an object to bring up some clothing there. Part of this evidence was objected to, but no grounds of objection stated, and no exception taken. And it further appeared that it was offered as evidence impeaching Mathias Rollofson, who had previously testified directly to the conversation; hence this question need not be further considered.

There are no reversible errors in the record, and the order denying the plaintiffs' motion for a new trial is affirmed.

MITCHELL, J.

I concur.  To render the father's declarations characterizing his possession admissible, it was not necessary that the evidence of his possession should have been conclusive.  If there is evidence tending to prove that the declarant was in the possession and control of the property, then his declarations characterizing that possession are admissible; the weight, if any, to be given to them being, however, dependent upon how the jury should find upon the question of possession.  On this phase of the case the plaintiffs did not request the court to give the jury any instructions.

In my opinion, there was evidence reasonably tending to prove that the father was, with the consent of the sons, in the actual possession and control of the property.  I am also of opinion that the evidence justified the jury in finding that the property actually belonged to the father, although ostensibly and colorably held out as belonging to the sons.  This covers the whole case.

CANTY, J.

I concur with Justice MITCHELL.