## REMY *v.* LILLY.

[No. 2,695. Filed March 29, 1899.]

NEW TRIAL.—*Newly Discovered Evidence.*—A new trial will not be granted on account of newly discovered evidence, where such evidence is cumulative. *p. 111.*

EVIDENCE.—*Sales.—Ownership of Property.*—In an action involving the title to personal property defendant may prove declarations made by the seller as to the ownership of the property while the same was in her possession, although plaintiff was not present when such declarations were made. *pp. 111, 112.*

PRACTICE.—*Striking Out Evidence.—Harmless Error.*—Error in the admission of evidence is rendered harmless, where the evidence is subsequently stricken out. *pp. 112, 113.*

SAME.—*Evidence.—Withdrawal of Objection.*—Error in the rejection of evidence is rendered harmless, where the objection thereto was subsequently withdrawn and the privilege of introducing the same was given. *p. 113.*

SAME.—*Evidence. — Cross-Examination.— Impeachment.* —Where a question was asked a witness on cross-examination concerning a certain statement made by him and objected to on the ground that it was not a proper cross-examination, the objection was properly sustained, although the question was proper as a foundation for impeachment, where the purpose of the question was not stated to

the court, and the place where the statement was made was not fixed. *pp. 113, 114.*

From the Marion Superior Court. *Affirmed.*

*W. A. Pickens, L. A. Cox* and *S. W. Kahn,* for appellant.

*Morris, Newberger & Curtis,* for appellee.

COMSTOCK, J.—Appellant brought this action in replevin against appellee to recover the possession of a team of horses, and for damages for their detention. The cause was put at issue by general denial, submitted to a jury, and a verdict returned in favor of appellee, upon which, after overruling appellant's motion for a new trial, the court rendered judgment in favor of appellee.

The only error assigned is overruling the motion for a new trial. Sixteen reasons are specified for a new trial. The fourth, sixth, ninth, and tenth only are discussed; the others are, under the rule, waived.

Appellee, on April 28, 1896, purchased the horses in suit of Martha M. Catt, paying therefor $250. He received at the time a bill of sale, in which Mrs. Catt stated that the horses were her sole property, to which was added the statement of Wm. Catt, her husband, that the horses belonged to his wife, and that he had no objection to her selling them.

Appellant claims title through a chattel mortgage executed to him September 28, 1893, by Wm. Catt, and an alleged sale by Catt on September 24, 1894. There is evidence to warrant the jury in finding that the sale was a sham sale, and that it was made without the knowledge of Mrs. Catt, and that she had no knowledge of the existence of the mortgage.

The fourth reason for a new trial is based upon newly discovered evidence. Mrs. Catt testified that her mother gave her a mare, one of the colts of which mare she gave to her son, who, before his death, gave it back to her; this colt was traded for two mules "with $150 to boot." She testified that this money she had earned, partly by keeping boarders, and

part of it she had borrowed. She traded the mules for two colts; these colts became the horses in controversy. The husband used the horses in the ordinary way as work horses upon the farm. At the time the horses were obtained by Mrs. Catt, appellant had neither mortgage nor claim against William Catt.

The newly discovered evidence is found in the affidavits of the appellant, of George T. Toon, Benjamin T. Beasley, Andrew Richwine, Charles W. Toon and Pleas Thurman. Appellant in effect concedes that the proposed evidence of Thurman and Richwine is cumulative. The affidavit of Beasly is to the effect that William Catt, in 1894, told him that the appellant owned a gray mare which his son Elmer had traded to affiant; that Remy had a mortgage on her. That he had a mortgage on the animal is not disputed. The affidavits of George Toon and Charles W. Toon are, in substance, that eight or ten years ago William Catt traded with Charles W. Toon a mare for two mules, and gave his note for "$150 to boot;" that the transaction was with Catt; that his wife was not mentioned, and was not known to Charles W. Toon. If for any purpose the evidence should be held admissible, it could only be as tending to show title in the husband, and could only therefore be cumulative. Other witnesses had given testimony of facts and circumstances and declarations of Catt to the same end. It would not, however, necessarily have contradicted the testimony of Mrs. Catt that she had earned and borrowed the money that was paid in the trade. The evidence proposed is open to the objection of being cumulative. A new trial will not be granted on account of newly discovered evidence for such purpose. *Brittenham* v. *Robinson*, 18 Ind. App. 502, and authorities there cited.

The sixth reason for a new trial is the action of the court in permitting evidence of the declarations of Martha Catt, from whom appellee claimed title, when she was not in possession of the property, and appellant was not present. The

witness Johnson testified that while Mr. and Mrs. Catt were tenants on his farm, and while the two mules were on the farm, Mrs. Catt borrowed money of him to pay a balance owing for said mules, as she stated. The witness was further permitted to testify that he saw the mules on his farm every day, and that he heard Mrs. Catt say many times that they were hers. The foregoing is, the testimony objected to. It appears that Mrs. Catt was, at the time to which this testimony refers, in possession of the mules. As pertinent to this question, we cite from *Maus* v. *Bome,* 123 Ind. 522, at p. 524: "It seems to be well settled by the decisions of this court, that where the title to personal property is involved, a party may prove that the person through whom he claims title had possession and control of such property as *prima facie* evidence of ownership, and the act of possession having been proved, that the declarations of such person while in possession, indicating the character of possession, are also admissible in evidence, whether made in the presence of the adverse party or not." Citing, *McConnell* v. *Hannah,* 96 Ind. 102, and authorities there cited; and, *Creighton* v. *Hoppis,* 99 Ind. 369; *Brown* v. *Kenyon,* 108 Ind. 283; *Riehl* v. *Evansville, etc., Assn.,* 104 Ind. 70; *Durham* v. *Shannon,* 116 Ind. 403. The fact that the mules were on the farm occupied by Mr. and Mrs. Catt was evidence, though not conclusive, to show her possession. The court did not err in admitting the evidence. William Catt, a son of Mrs. Catt, testified in behalf of appellee that he was living with his parents on the Johnson place when the mules were bought, or traded for; that the mules came from some place about Acton, and that he knew how they were obtained and from whom. The following question was next propounded to him: "Tell where." To this question, and the answer sought to be elicited, appellant objected, for the reason that it was a transaction in the absence of the plaintiff, and could not bind him unless it become a part of the possession of the mules, and be shown that Mrs. Catt was in the possession of

Remy *v.* Lilly.

the mare that was traded for the mules; and as asking for a
conclusion, and not a fact.    The objection was overruled,
and the witness answered, "My mother traded a mare for the
mules is all I know about it."    It appearing upon cross-exam-
ination that the witness was not present when the transaction
took place, upon motion of appellant the testimony of this
witness bearing upon the trade of the mare for the mules was
stricken out.    This action of the court rendered harmless its
former ruling, and takes that question out of the cause.

Appellant in rebuttal offered to introduce in evidence cer-
tain pages of the book kept by the clerk of the sale of the
Catts' personal property, stating the purpose of the testimony.
Primarily it was to show the order in which the stock and
other chattels were sold; the ultimate purpose, to impeach
Mrs. Catt.    Appellee's objection was sustained.    Subse-
quently, upon cross-examination, appellee interrogated appel-
lant as to said book, and asked if it did not appear from its
entries that the item of corn was the last thing in it, as
property sold at the sale.    Appellant's objection to the ques-
tion was overruled, and the witness answered that he had
not gone over the entries.    Appellant then withdrew his ob-
jection to the introduction of the sale-book.    The appellant
has nothing to complain of in this action of the court.    The
witness did not testify to anything in the book, and appellant
was given the privilege of introducing it in evidence.

The ninth reason for a new trial is based upon the refusal
of the court to permit to William Catt the following question:
"I will ask you Mr. Catt if, shortly after the gray team in
controversy was traded for, you did not at the time have the
gray team in your possession, and say to Barton Fowler that
you had traded a team of mules for the gray team, or, in
substance, that you thought you had a good bargain?"    The
court sustained the objection upon the ground that the ques-
tion was not proper cross-examination.    Appellant gives no
reason to show that it was proper cross-examination.    If de-

signed as an impeaching question, it should have been so stated to the court, and the place fixed at which the statement was claimed to have been made. In substance, the same question was again propounded to the witness, the same objection repeated, and again sustained. This ruling is given as the tenth reason for a new trial. What we have said as to the ninth reason for a new trial applies also to the tenth.

This disposes of all the questions discussed by counsel. We find no error for which the judgment should be reversed. Judgment affirmed.

Wiley, J., absent.