## BARKER v. JOHNSON et al.

(Court of Civil Appeals of Texas. Texarkana.
Feb. 20, 1913.)

1. WITNESSES (§ 139*)—COMPETENCY—TRANSACTION WITH DECEDENT.
    Rev. Civ. St. 1911, art. 3690, which provides that, in an action by an administrator, neither party shall be allowed to testify against the other as to any transaction with or statement of decedent unless called to testify by the opposite party, does not prevent a surety on a claim bond given by decedent for the purpose of trying right of property from testifying in an action by decedent's administrator to set aside a default judgment on the bond that a short time before the property was levied on he heard decedent declare that the property belonged to him; the surety being a party to the judgment sought to be vacated, but not to the suit in which the testimony was given.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 582–597; Dec. Dig. § 139.*]

2. APPEAL AND ERROR (§ 1170*)—DECLARATION BY DECEDENT—ADMISSIBILITY.
    In an action to set aside a judgment on a bond given under a claim of property levied on as belonging to another, any error in permitting plaintiff administrator to show a declaration by decedent that the property belonged to him without showing that decedent was then in possession of the property was harmless, where decedent's ownership was established by other evidence, within Court of Civil Appeals rule 62a (149 S. W. x), forbidding reversal of judgment for an error not inducing improper judgment.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4540–4545; Dec. Dig. § 1170.*]

3. TRIAL (§ 355*)—ISSUES—DETERMINATION—SUFFICIENCY.
    In an action to set aside a default judgment on a bond given under a claim of property levied on as belonging to another, a finding that plaintiff administrator's decedent was not reasonably in condition physically and mentally to have employed counsel, or to have appeared and prosecuted his claim, or to have filed a motion for new trial after the judgment was granted, and before adjournment of the term at which the default was taken, was a sufficient determination of an issue whether decedent used due diligence to employ an attorney to represent him in the trial of the right of property proceedings.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 846–848; Dec. Dig. § 355.*]

4. TRIAL (§ 350*)—SUBMISSION OF ISSUES.
    It is proper to refuse to submit an issue not made by the pleadings or the evidence.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. § 350.*]

5. JUDGMENT (§ 463*)—DEFAULT JUDGMENT—JURY QUESTION.
    In an action to set aside a default judgment on a bond given by plaintiff's decedent under a claim of property levied on as belonging to another, whether decedent was guilty of negligence in prosecuting the suit based on his claim affidavit and bond *held*, under the evidence, a jury question.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 896; Dec. Dig. § 463.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by F. M. Johnson against T. C. Barker and others. Judgment for plaintiff, and defendant Barker appeals. Affirmed.

By virtue of an execution issued March 11, 1909, on a judgment rendered by the Wood county district court November 22, 1904, in favor of appellant against J. E. Johnson, a levy was made by a deputy sheriff of Harrison county on four mules and two wagons, then in Harrison county, as the property of said Johnson. F. M. Johnson, an old man 83 years of age, father of said J. E. Johnson, claimed he owned the mules and wagons, and on March 15, 1909, as authorized by the statute (article 7769 et seq., R. S. 1911), made and presented his affidavit and claim bond to the officer who levied the writ for the purpose of trying the right of property in the mules and wagons. The affidavit and bond were filed to the first term of the district court of Harrison county convening after they were made, which

commenced on the 31st day of May, 1909. During that term, to wit, on June 2, 1909, judgment by default was rendered against said F. M. Johnson, and also against A. N. Kennedy and H. J. C. Rogers, the sureties on his claim bond. That term of said Harrison county district court finally adjourned on June 25, 1909. The suit resulting in the judgment from which this appeal is prosecuted was commenced by said F. M. Johnson by a petition filed July 3, 1909. It was to set aside the judgment by default rendered in favor of appellant June 2, 1909. In his petition said F. M. Johnson alleged that he was the owner of said mules and wagons, and further alleged as follows: "That at the time the defendant (appellant) recovered said judgment by default against him that he was confined to his bed by a dangerous illness; that he was taken ill on or about the 20th day of March, 1909, and has ever since said time been continuously confined to his bed with this serious illness; that he was and still is confined to his bed, and was unable from and after the 20th day of March, 1909, to either come to court in person on the 1st day of June or any other time prior or subsequent thereto in order to make an appearance in said cause; that he has been during all of said time unable, by reason of serious illness, to leave his bed or room, and consult with or employ an attorney to represent him at the trial of said cause, and that the plaintiff is a very old man, and extremely weak and nervous from old age, and this, combined with his illness and confinement as aforesaid, has at all times prevented him from being able to make any appearance in court or to consult with and employ attorneys to represent him, and that his failure to appear is not due to any negligence or lack of any diligence whatever on his part, but is wholly due to his physical condition during the time when it was necessary for him to appear in court or employ and consult with attorneys to appear and represent him." In his answer appellant denied the truth of the allegations in the petition, asserted that the claim of F. M. Johnson to the property was a "pretended and fictitious" one, and averred that said F. M. Johnson "was not too sick to employ an attorney to represent him in said cause." F. M. Johnson having died pending his suit, appellees Mrs. Callie Rogers, T. J. Johnson, J. E. Johnson, Mrs. Ida Waldron, Mrs. Jim Waldron, Harold Ferrell, and Charlie Ferrell, alleging they were his heirs at law, and that there was not, and was no necessity for, an administration on his estate, asked and were allowed by the court to prosecute the suit in their names. Afterwards T. J. Johnson was appointed temporary administrator of the estate of F. M. Johnson, and empowered as such to prosecute the suit. He intervened, and, adopting the pleadings filed by F. M. Johnson, with the latter's heirs

aforesaid, prosecuted the suit. The case was submitted to a jury on special issues as follows: "(1) Was F. M. Johnson from the time he filed affidavit and bond to the time the default judgment was taken against him reasonably in condition physically and mentally to have employed counsel or to have appeared and prosecuted his claim, or to have filed a motion for a new trial after the judgment was granted and before the adjournment of the term of court at which said default was taken?" The jury answered this question as follows: "He was not." "(2) Was the property levied upon by deputy sheriff H. J. T. Jones, or any part thereof, at the time of the levy, the property of F. M. Johnson? If you find that only a part of the property was the property of F. M. Johnson, then state which property was the property of said F. M. Johnson." The jury answered this question as follows: "All the property was owned by F. M. Johnson." The court thereupon rendered judgment setting aside the judgment by default rendered in appellant's favor at the previous term of the court, and in favor of the temporary administrator and heirs of said F. M. Johnson, appellees here, for the property in controversy.

Lane & Lane and Jno. W. Scott, all of Marshall, for appellant. Jones, Bibb & Scott, of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] It appeared that the witness John Bass sold the mules and wagons to J. E. Johnson, who was the son of F. M. Johnson and the defendant in the execution levied thereon. The consideration for the sale was $800, paid by J. E. Johnson to Bass, and the former's six promissory notes for $50 each in favor of the latter. There was testimony sufficient to support a finding that the $800 paid to Bass was money which belonged to the separate estate of the wife of said J. E. Johnson, but this feature of the case seems to have been ignored on the trial. Appellees claimed that J. E. Johnson, before the levy of the writ, to wit, on February 3, 1909, sold the mules and wagons to F. M. Johnson, who then paid him therefor $800 in cash, and assumed the payment of the notes to Bass. Over appellant's objection, the witness A. N. Kennedy was permitted to testify, at the instance of appellees, that a short time before the time the mules and wagons were levied on he heard F. M. Johnson declare that the mules were his property—that he had purchased them from J. E. Johnson. One of the grounds of the objection to the testimony was that it was within the inhibition of article 3690, Revised Statutes 1911, declaring that "in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any trans-

action with or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." As a surety on F. M. Johnson's claim bond, the witness Kennedy was a party defendant to the judgment appellees sought to set aside, but he was not a party to the suit in which the testimony objected to was given. In Gilder v. City of Brenham, 67 Tex. 345, 3 S. W. 309, it was held that the statute did not apply to one interested in the issue being tried, but who was not a party to the suit. The same ruling was made in Howard v. Galbraith, 30 S. W. 690. In Roberts v. Yarboro, 41 Tex. 449, which was a suit against a partnership, it was held that the plaintiff might testify to declarations made by a partner who died pending the suit; his representatives not having been made parties. In that case it was said that the inhibition of the statute should not be extended by implication to include persons not named in it. We think the court was justified by the rulings made in the cases cited in overruling the objection to the testimony based on the statute referred to. Another ground of the objection was that the testimony was hearsay and self-serving. Whether the objection should have been sustained on this ground or not depends on whether there was testimony showing F. M. Johnson to have been in possession of the property in question or not at the time he made the declaration; for, if he was in possession thereof, the declaration was admissible. Rollofson v. Nash, 75 Minn. 237, 77 N. W. 954; Nodle v. Hawthorn, 107 Iowa, 380, 77 N. W. 1062; Smiley v. Padgett, 123 Ga. 39, 50 S. E. 927; 3 Wig. Ev. § 1779. There is no direct testimony in the record showing F. M. Johnson then to have had possession of the property, nor who then had possession of same; nor have we been able to find in the record testimony justifying an inference that F. M. Johnson was then in possession of the property. We are inclined, therefore, to think it was error to admit the testimony objected to. But we do not think the error requires a reversal of the judgment. Other testimony in the case established, little short of conclusively, that J. E. Johnson sold the property to F. M. Johnson as claimed by appellees, and that F. M. Johnson owned same at the time it was levied upon. It is not at all likely, we think, that the finding of the jury would have been different had the declaration objected to been excluded as evidence. In this attitude of the record, it seems to us due regard for rule 62a for the government of Courts of Civil Appeals (149 S. W. x), adopted by the Supreme Court October 30, 1912, forbids a reversal of the case for the error specified. That rule, so far as it need be stated, is as follows: "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

[3] Complaint is made of the refusal of the court to require the jury to find, as requested by appellant, whether F. M. Johnson from the time he made the claim bond and affidavit to the time of the rendition of the judgment by default against him by the use of due diligence could have employed an attorney to represent him in the trial of the right of property proceedings or not. It seems to us the issue appellant so sought to have the jury determine was covered by the first of the two issues submitted by the court to the jury, and that the finding that said F. M. Johnson "from the time he filed affidavit and bond to the time the default was taken against him" was not "reasonably in condition physically and mentally to have employed counsel or to have appeared and prosecuted his claim, or to have filed a motion for a new trial after the judgment was granted and before the adjournment of the term of court at which said default was taken," was a sufficient determination of it. Therefore we overrule the second and third assignments.

[4] The next complaint is based on the refusal of the court to submit as an issue in the case a question as to whether the sale of the mules and wagons to F. M. Johnson was made by J. E. Johnson for the purpose of hindering, delaying, and defrauding his creditors or not. It is a sufficient answer to this complaint, we think, to say that such an issue was not made by either the pleadings or the testimony. Therefore the fourth and fifth assignments are overruled.

[5] The court did not err in refusing to instruct the jury, as requested by appellant in his tenth special charge, that F. M. Johnson "was guilty of negligence in prosecuting the suit based on his claim affidavit and bond." That was a controverted question in the case. That the evidence to show negligence was not so conclusive as to have authorized such an instruction is indicated by the fact that the jury found, and their finding is not attacked as without support in the testimony, that F. M. Johnson was not in a condition physically and mentally either to have appeared in person and prosecuted his claim or to have employed counsel to do so for him. If that was his condition, he could not have been guilty of negligence in failing to prosecute his claim.

There are several other assignments, but we think they are without merit.

We are of the opinion that error which should operate to reverse the judgment has not been shown. Therefore it is affirmed.