JOHN E. STRONG, Appellant, v. JAMES NELSON and Minnie Nelson, Respondents.

(174 N. W. 869.)

**Appeal and error — order granting new trial and denying motion for judgment *non obstante* not appealable.**

1. Where a party has made a motion for judgment *non obstante*, or in the alternative for a new trial, and the trial court has granted a new trial and denied the motion for judgment *non obstante*, such order is nonappealable as to the moving party.

**Appeal and error — new trial.**

2. Where the trial court has granted a new trial upon insufficiency of the evidence to justify the verdict, this court will not reverse such order unless there is a manifest abuse of discretion.

Opinion filed October 3, 1919.

Action on a note, in District Court, Barnes County, *Coffey*, J. Appellant appeals from order granting new trial.

Affirmed.

*Knauf & Knauf*, for appellant.

The stationery indicated that J. E. Strong and R. B. Lowe were connected and interested in the land business. This was competent evidence under the circumstances of this case. Farmers Bank v. Saling (Or.) 54 Pac. 190; Peninsular Sav. Bank v. Currie (Mich.) 82 N. W. 511.

It is well settled that, where the consideration for a contract for the purchase of land fails, the law implies an obligation on the part of one who has received the purchase price to make restitution to the party from whom he received it. Strong v. Nelson (N. D.) 165 N. W. 511.

The statute provides and the decisions so hold, that the motion for a direct verdict should be made at the close of the evidence. Comp. Laws 1913, § 7643; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333.

*M. J. Englert*, for respondents.

Bronson, J. This cause involves cross appeals. The plaintiff made a motion for judgment *non obstante,* or in the alternative for a new trial. The trial court granted a new trial. The plaintiff has appealed from that part of the order denying judgment *non obstante;* the defendants have appealed from such order granting a new trial. The action was instituted to recover upon a promissory note for $550 made in December, 1911. The defendants, in their answer admit the note and the nonpayment thereof, and, by way of defense, set up a transaction with the plaintiff in the month of July, 1914, for the trade of a certain shoe stock for Cuban land; the delivery of such shoe stock to the plaintiff and the failure of the plaintiff to transfer the Cuban land or in any manner to furnish title thereto, and, further, false and fraudulent representation made in connection therewith. The trial court submitted to the jury the evidence upon the issues framed, and the jury returned a verdict for the defendants for $356.56, being the amount due the defendants in excess of the amount due on the note.

We have difficulty in discovering any merit in either appeal. As to the plaintiff, the order granting a new trial is a nonappealable order; this relief as he sought he has received. Stratton v. Rosenquist, 37 N. D. 116, 163 N. W. 723. There is little evidence to show that the plaintiff was in fact the party with whom the defendants made the trade of the shoe stock for the Cuban land in July, 1914. The plaintiff wholly denies any connection with the transaction; any receipt of the stock or any ownership of the land involved. Evidently the trial court granted a new trial by reason of this uncertainty in the evidence. Where the trial court has so granted a motion for a new trial this court will not disturb its order in that regard, unless a manifest abuse of discretion is shown. Aylmer v. Adams, 30 N. D. 514–520, 153 N. W. 419; State v. Cray, 31 N. D. 67, 153 N. W. 425. The record does not show any abuse of discretion in this regard. The order of the trial court is in all things affirmed, without costs to either party.