STATE OF NORTH DAKOTA, Respondent, v. ARTHUR ZIMMERMAN, Appellant.

(— A.L.R. —, 233 N. W. 845.)

Opinion filed December 23, 1930.

*E. R. Sinkler, G. O. Brekke, F. J. Funke,* and *D. J. O'Connell,* for appellant.

*James Morris,* Attorney General, and *Nels G. Johnson,* State's Attorney, for respondent.

NUESSLE, J. Appellant, convicted of the crime of robbery, moved for a new trial. His motion was denied. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

The complaining witness, Joe Krim, lived with his sons on a farm near the village of Karlsruhe, in McHenry county, about 45 miles by well-traveled road from the city of Minot. On the evening of October 12, 1929, after dark and between the hours of eight and nine o'clock, three men in an automobile drove into the complaining witness' farmyard. Joe Krim and his son George were at home alone at the time. The men got out of their automobile, assaulted Joe and George, threw them to the floor, tied them with strips torn from a sheet, and then removed Joe's shoes and tortured him by stabbing the soles of his feet with a knife until he disclosed where he had his money hidden. They took the money, amounting to $1,165, and departed.

On the afternoon of October 12th, between four and five o'clock, one Jerome borrowed an automobile in the city of Minot. This automobile was later identified as that used by the three men who assaulted and robbed Krim. The automobile was returned to the owner about eleven-thirty that evening. The speedometer indicated that it had been driven 97 miles. Three days after the robbery appellant Zimmerman was arrested as one of the robbers. Both Joe Krim and George Krim positively identified him. The Krims' description of one of the men who committed the crime fitted Jerome. Jerome fled and was not apprehended. The third man was not identified. The automobile which Jerome borrowed was capable of traveling 68 miles an hour. Jerome was a very expert and very rapid driver.

Zimmerman was informed against on a charge of robbery and brought to trial. The case was submitted to a jury, which returned a verdict of guilty of robbery as charged. Thereafter Zimmerman moved for a new trial on the grounds, first, that the evidence was insuf-

ficient to sustain the verdict returned against him; second, that without his consent the jury were permitted to separate after the case was submitted to them and before they arrived at a verdict; and third on the ground of newly discovered evidence. The motion was denied.

In support of this appeal appellant urges the same grounds advanced in support of his motion for a new trial.

The first proposition urged by the appellant is that the evidence is insufficient to sustain the verdict. For his defense the appellant relied wholly on the establishment of an alibi. The witnesses Krim positively identified Zimmerman as one of the robbers. Their testimony was more or less uncertain as to the exact time of the robbery, but it is clear that it occurred between the hours of seven and nine o'clock on the evening of October 12th. Another of the state's witnesses, a resident of Minot, testified that he was acquainted with Zimmerman and Jerome; that he knew the automobile which Jerome borrowed; that at half past six on the evening in question he saw Jerome driving this car in Minot; that Jerome was then accompanied by two other men, one of whom was Zimmerman. The defendant did not take the stand himself, but he produced many witnesses to establish that he was in the city of Minot at the time the robbery took place or at such times that it was manifestly impossible for him to have participated in it. Many of these witnesses were reputable citizens. They were positive in their statements as to having seen Zimmerman in Minot on the evening in question and as to the times when they saw him on that evening. The testimony of one or another of these witnesses fully covered the time excepting from half past six until twenty minutes after nine. However, while they were in the main positive as to the particular hour and minute when they had seen Zimmerman in Minot on the evening in question, yet it appeared that they fixed the hour and minute by estimate and approximation rather than by having noted the exact time when they saw him. All were confident that they did see him on the evening of the 12th and the matter of his arrest having come to their attention they reckoned back and fixed the time by some incident or occurrence, some meeting or conversation, or by reference to their daily habits. Nothing extraordinary had occurred whereby their attention was called to the particular moment, and so the time was fixed by estimate and approximation. In

some instances where two or more witnesses testified as to having seen Zimmerman in a particular place and in particular company, there was considerable difference among them as to the time when he was so seen. In any event, the question was a question of fact. It was peculiarly for the jury, and the jury having determined it adversely to the appellant, the record does not so conclusively establish his contention as to warrant us in setting the verdict aside. See State v. Hanrahan, 49 S. D. 434, 207 N. W. 224, 225. We must therefore hold that the evidence is sufficient to sustain the verdict.

The statute, Compiled Laws of 1913, prescribes the rules that should govern the conduct of the jury both before and after the case is submitted to them.

"Section 10,857. The jurors sworn to try a criminal action may, at any time before the cause is submitted to the jury, in the discretion of the court, be permitted to separate, or be kept in charge of proper officers. The officers must be sworn to keep the jurors together until the next meeting of the court, to suffer no person to speak to or communicate with them, nor to do so themselves, on any subject connected with the trial, and to return them into court at the next meeting thereof.

"Section 10,858. The jury must also, at each adjournment of the court, whether permitted to separate or kept in charge of officers, be admonished by the court that it is their duty not to converse among themselves or with anyone else upon any subject connected with the trial, or to form or express any opinion thereon, until the case is finally submitted to them.

"Section 10,864. After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, without refreshments except water unless otherwise ordered by the court, and not to permit any person to speak to or communicate with them, nor to do so himself, unless by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

Clearly, in the instant case, the statute (§ 10,864) was disregarded. However, this was innocently done, both on the part of the juryman

who separated himself from the remainder of the jury, and on the part of the bailiffs who allowed him to do so. It affirmatively appears that no prejudice could have resulted because of what this juryman did, and the trial court so found. In his memorandum opinion he said: "The court was convinced of the juror's sincerity, and while his actions may constitute an irregularity, absolutely no prejudice to the defendant resulted therefrom, and that said irregularity had no effect one way or the other upon the case." This court has never heretofore been called upon to pass upon the question as to the effect of the separation of a jury contrary to the provisions of § 10,864 after a case was submitted to them. But we have considered the question of the effect of a separation before final submission contrary to the provisions of § 10,857. See State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052. We there held that "where it appears that no improper influences were used or attempted, such separation furnishes no ground for a new trial." And we have held to the same effect in the case of other misconduct on the part of a juror. State v. Robidou, 20 N. D. 518, 128 N. W. 1124, Ann. Cas. 1912D, 1015. We can see no reason why the same rule should not apply alike in both cases, whether a violation of § 10,864 or a violation of § 10,857. In this connection, see Territory v. King, 6 Dak. 131, 50 N. W. 623; State v. Church, 7 S. D. 289, 64 N. W. 152; State v. Bogardus, 188 Iowa, 1293, 176 N. W. 327, and see, generally, the note to McHenry v. United States, 34 A.L.R. 1115. The defendant relies in support of his contention in this respect upon the case of State v. Murphy, 17 N. D. 48, 17 L.R.A.(N.S.) 609, 115 N. W. 84, 16 Ann. Cas. 1133. This case, however, is so different in its facts as to render it of no value as a precedent in the instant case. In the Murphy Case after the jury had deliberated upon the case for more than 48 hours, they were unable to agree upon a verdict. They sent a communication to the trial judge to the effect they desired to see him. He went to the jury-room alone without notice to the defendant, and the foreman advised him that the jury could not agree. The judge then told the jury they would be required to deliberate further, bade them good night, and departed. Within a very short time thereafter the jury returned a verdict of conviction. This verdict was set aside on the ground that prejudice would be conclusively presumed in such

case. The defendant also cites and relies upon the case of State v. Church, 7 S. D. 289, 64 N. W. 152, supra. As we read that case, however, the clear inference is that the conviction would not have been reversed had there been a showing by the state that the defendant was not prejudiced by the irregularity complained of. In the prevailing opinion the court says:. "We believe the true and only safe rule to be that where the separation is such that one or more of the jurors might have been improperly influenced by others, and there is nothing reliable to show that such influence has not been exercised to the prejudice of the accused, the verdict should be vacated and the case be retried."

Lastly, the defendant insists that he is entitled to a new trial on the ground of newly discovered evidence. At the trial he produced a large number of witnesses who testified as to his presence in the city of Minot at different times during the evening when the crime was committed, thus (if their testimony be accepted at its face value) demonstrating that it was impossible for him to have been present at the time and place of the robbery. These witnesses covered the time between the hours of six and ten o'clock on the evening of October 12, excepting from half past seven to twenty minutes after nine. Defendant urges that since the case was tried he has discovered other and further witnesses who will testify as to having seen him at Minot, not only during the time covered by the witnesses at the trial, but also between half past seven and twenty minutes after nine. On his motion for a new trial he made a showing as required by the statute, § 10,917, subsection 7, Comp. Laws, 1913. We have examined this showing. The evidence which he proffers as being newly discovered is, in the main, cumulative. Some of it, however, does cover the time from seven-thirty to nine-twenty. Some of it, by the exercise of reasonable diligence, should have been discovered prior to the time of the trial. But, in any event, the matter was one resting largely in the discretion of the trial court, and that court having exercised his discretion adversely to the defendant, the order denying his motion for a new trial will not be disturbed unless there was a manifest abuse of that discretion. See State v. Hazer, 57 N. D. 900, 225 N. W. 319; State v. Kerns, 50 N. D. 927, 198 N. W. 698; Strong v. Nelson, 43 N. D. 326, 174 N. W. 869; State v. Cray, 31 N. D. 67, 153 N. W. 425;

Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419. We have examined the showing with meticulous care. We are of the opinion that it is not such as to warrant us in saying that the trial court abused his discretion in denying the motion. The judgment will be affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.