[File No. 6197.]

MRS. S. W. DERRICK, Appellant, v. JAKOB M. KLEIN and Christina Klein, and JACOB R. KLEIN, Intervener and Respondent.

(253 N. W. 70.)

Opinion filed February 21, 1934.

*Atkins & Doerr,* for appellant.

*I. F. Wagner,* for intervener-respondent.

NUESSLE, J.   This is an action in claim and delivery to recover the possession of certain buildings.   The defendant Jakob M. Klein

defaulted. His son Jacob R. Klein intervened. In his complaint in intervention he alleged that he was the owner of the buildings in question; that he had placed them upon land rented by him under an agreement by which he was to be permitted to remove them when his tenancy expired. The plaintiff answered this complaint in intervention denying all the matters and things therein set out. The issues as thus made were tried to a jury. A verdict was returned in favor of the plaintiff as against the defendant and in favor of the intervener as against the plaintiff. Judgment was entered accordingly. Thereafter the plaintiff moved for judgment notwithstanding the verdict or for a new trial. As grounds for her motion for a new trial she specified the insufficiency of the evidence to sustain the verdict as returned; she further made a showing as to newly discovered evidence material to the issues in the case. The motion was denied. Thereupon the plaintiff perfected this appeal from the judgment and from the order denying the motion for a new trial.

It appears from the record that the defendant Jakob M. Klein was the record owner of 240 acres of land in Logan county. He rented this land to his son Jacob R. Klein who occupied the original farm buildings thereon. Jakob M. Klein also lived on the land in a secondary set of buildings located about a quarter of a mile from the buildings occupied by Jacob R. Klein. These buildings are those that the plaintiff now seeks to recover in this action. In March, 1928, Jakob M. mortgaged the premises to the Wishek State Bank. The bank assigned this mortgage to the plaintiff Derrick. Plaintiff foreclosed the mortgage and the property was sold at foreclosure sale in February, 1932. Thereafter the defendant Jakob M. removed the buildings and this action resulted.

In support of his complaint in intervention, Jacob R. testified that when he rented the land from his father it was agreed that he should place the buildings upon the land in order that his father might continue to live thereon and that when his lease terminated he might remove the buildings; that he moved the barn onto the place and that he bought and paid for the lumber from which the house was built and with which certain repairs to the barn were made; that he paid for the work of construction and repair. On cross-examination, how-

ever, he testified that he had not bought the lumber himself, that his father bought it, but that he had given a part of the money to his father wherewith to buy the same. He could not say exactly when the buildings were built but it was either in 1926 or 1927. Neither could he say as to the amount that they had cost. He testified he had made no agreement with the lumber company from which the material was purchased and that he had given no note or other evidence of indebtedness for the unpaid portion of the purchase price. He testified further that he employed his brother-in-law to do the building and repair work for him and paid for this work. The brother-in-law testified he had been employed by Jacob R. to do the work on the buildings; that there was no cash paid to him for such work but that Jacob R. had worked for him in return. Jakob M. called as a witness on behalf of the plaintiff, testified that the arrangement was as stated by Jacob R.; that he, Jakob M., had made the payment for the lumber but that the money thus paid was given to him for that purpose by Jacob R.; that he himself had signed a note for the remainder of the purchase price; that after the foreclosure he removed the buildings; that he afterwards gave a bill of sale of these buildings to his wife. This evidence with respect to the execution of the bill of sale was objected to by the intervener on the ground that it was hearsay and incompetent. The lumberman testified that he had no dealings respecting the lumber with Jacob R. All were with Jakob M., who made any payments that were made. That a note for the remainder of the purchase price was executed by Jakob M. At the time of the execution of the mortgage nothing was said concerning any agreement between the Kleins respecting the buildings thus occupied by the mortgagor. And the mortgagee bank, and the assignee plaintiff, had no knowledge of any such agreement and no notice thereof excepting such as resulted from the occupancy of the premises by both the Kleins.

As one of the grounds for her motion for a new trial the plaintiff made a showing as to newly discovered evidence in the form of an insurance policy issued to Jakob M. on the house, one of the buildings in question. This policy was issued in 1931 for a term of five years. In November, 1932, Jakob M. Klein indorsed on the policy: "The interest of Jakob M. Klein as owner of the property covered by this policy is hereby assigned to Mrs. S. W. Derrick, subject to the consent

of the insurance company." On the same date the insurance company by its agent indorsed its consent to this assignment.

It does not appear that Jacob R. Klein had any knowledge respecting either the execution of the bill of sale by Jakob M. to his wife or of the issuance of the insurance policy or the assignment thereof. And his contention at the trial, on the motion for a new trial, and on this appeal, was and is that such evidence if material and relevant was, nevertheless, hearsay and thus incompetent.

There is no memorandum opinion of the trial court in the record, and we have no means of knowing what the reasons for the denial of the motion for new trial were. The trial court had the advantage of seeing and hearing the witnesses when their testimony was given. There is evidence in the record which, however improbable it may be, if believed by the jury, under the issues as made, would justify the verdict as returned. The matter of granting or denying a motion for new trial rests largely in the sound judicial discretion of the trial court, and his order made in that behalf will not be disturbed unless there was an abuse of that discretion. Accordingly, the order denying a new trial must be affirmed unless it appears that the newly discovered evidence is material and relevant and of such substance that the interests of justice demand that the whole matter be again submitted to the jury. See, State v. Cray, 31 N. D. 67, 153 N. W. 425; Security State Bank v. Groen, 59 N. D. 431, 230 N. W. 298; State v. Zimmerman, 60 N. D. 256, 233 N. W. 845, 79 A.L.R. 816.

When the mortgage was executed Jakob M. was occupying the buildings in question. The house was affixed to the land. There was nothing to indicate that Jacob R. had or claimed any ownership or right in and to the buildings. Though he was a tenant on the land the fact of tenancy under the circumstances would not give notice of any rights in the buildings which were then occupied by his father. Not only did Jakob M. occupy the buildings, but he bargained for the lumber out of which the house was constructed and with which other repairs were made. He made such payments therefor as were made. True, he says that Jacob R. gave him the money wherewith to make the payments. This is also the testimony of Jacob R. But he also says Jacob R. never paid him anything for the rental of the premises. Further, he gave his note for the remainder of the purchase price of the lumber.

On the other hand, Jacob R. could not say the year in which the buildings were erected. He could not say as to when the contract for the lumber was made. He testified he employed his brother-in-law to do the work of building and repairing for him. His brother-in-law corroborates this, but he says no money was paid, that the compensation was by return of work. It does not appear that he bought or paid for the barn which was placed on the premises and which Jacob R. now claims. Neither does the record certainly show when the buildings were removed or by whom. The inference, however, is that they were removed by Jakob M. and that he continued to possess and occupy them. It is certain that Jakob M. gave a bill of sale of the buildings to his wife. Considering all of these things, it seems to us that the further circumstance that Jakob M. while occupying the buildings insured them and subsequently assigned his interest in the policy covering them to the plaintiff, is a matter of such substance that the justice of the case requires that it should be submitted to the jury. It becomes necessary, therefore, to consider the question as to whether the evidence with respect to Jakob M.'s statements and acts of ownership of the property while he was in possession thereof was admissible.

The intervener here in support of his contention that such evidence was not admissible, cites and relies upon the case of Northwestern Nat. Bank v. Howlett, 63 N. D. 163, 247 N. W. 57. In that case evidence of statements by one in possession of personal property that such property was the property of the proponents, was held inadmissible when they sought to introduce it to establish their title to the property in question. Such evidence was offered not to characterize or explain the possession of Howlett but as affirmative evidence of ownership by the proponents. It was not admissible for the latter purpose and that was the basis of the holding. Possession of property prima facie evidences title thereto. And see the statute, subsec. 11, § 7936, Comp. Laws 1913. But the presumption thus arising may be rebutted. Accordingly, acts and circumstances which explain or characterize that possession are admissible as a part of the res gestæ of possession. As was said by Judge Winslow in Griswold v. Nichols, 126 Wis. 401, 105 N. W. 815: "When the character of a party's possession of property, either real or personal, is in question and material to the litigation, the statements made by such party while in possession,

444

if apparently made in good faith, are competent to be introduced in evidence upon the ground that the possession of property is a continuous act, and that the declarations accompanying such possession are in fact a part of the act of possession and hence a part of the res gestæ." See also Nodle v. Hawthorn, 107 Iowa, 380, 77 N. W. 1062; Rollofson v. Nash, 75 Minn. 237, 77 N. W. 954; Gallick v. Bordeaux, 22 Mont. 470, 56 P. 961; 3 Wigmore, Ev. 2d ed. §§ 1778 et seq., and cases cited.

Here the evidence in question tended to show both statements and acts. They were made and done by Jakob M. while the property was in his possession. The character of his possession was material. They tended to explain and characterize that possession. There is no question as to good faith. The logic of the rule applies and the evidence was admissible.

The judgment and order must therefore be reversed and a new trial ordered.

BURR, Ch. J., and BURKE and CHRISTIANSON, JJ., concur.

MOELLRING, J., did not participate.