## FARMER'S CO-OPERATIVE ELEVATOR COMPANY OF DODGE, NORTH DAKOTA, Respondent, v. SCHWEIGERT-EWALD LUMBER COMPANY OF HEBRON, NORTH DAKOTA, a Corporation, et al., Appellants.

(233 N. W. 902.)

Opinion filed December 22, 1930.

*S. P. Rigler,* for appellants.

*T. H. Thoresen,* for respondent.

CHRISTIANSON, J. This is an action to recover upon a certain undertaking given by the defendants to indemnify the plaintiff against a threshing lien and a farm laborer's lien upon certain wheat which the plaintiff purchased, and for which the purchase price was paid to the defendant the Schweigert-Ewald Lumber Company. The case was tried to the court without a jury and resulted in findings of fact and

conclusions of law in favor of the plaintiff. Judgment was entered accordingly and the defendants have appealed. The case was submitted upon a stipulated statement of facts. The controlling facts, therefore, must be gathered from the admissions in the pleadings and the facts as stipulated. These facts are substantially as follows: During the farming season of 1928 one Wendahl farmed certain lands in Dunn county in this state and raised, harvested and threshed thereon certain grain. About September 11, 1928, Wendahl entered into a contract with one Reinholt Smith and Vernon Scott whereby the latter agreed to thresh the grain grown upon the premises aforesaid; and that thereafter the said Smith and Scott threshed such grain. The defendant Schweigert-Ewald Lumber Company held a judgment against Wendahl, and on September 12, 1928, the sheriff of Dunn county, by virtue of an execution issued upon said judgment, levied upon 900 bushels of wheat so raised by Wendahl, and threshed by said Smith and Scott. The wheat was left in the possession of Wendahl and the sheriff caused notice of levy to be filed in the office of the register of deeds of Dunn county on September 20, 1928. On September 20, 1928, said Smith and Scott claimed a thresher's lien against the grain threshed for Wendahl. The lien claim was verified by both claimants on September 20, 1928, and was filed in the office of the register of deeds of Dunn county on September 22, 1928. The lien stated that they had threshed 2560 bushels of wheat, 372 bushels of barley, 700 bushels of oats and 408 bushels of speltz. The amount of the lien claimed for the unpaid balance of the threshing bill was $261.75.

Between September 15th and September 19th, 1928, the plaintiff purchased from the said Wendahl 955 bushels and 10 pounds of the wheat so raised by Wendahl and threshed by said Smith and Scott. The War Finance Corporation held a mortgage upon this grain and the plaintiff paid to it the purchase price for 330 bushels and 30 pounds of said wheat; and paid to said Wendahl the remainder of the purchase price, namely, the purchase price covering 591 bushels of said wheat. It further paid to Vernon Scott, the man who had threshed the wheat, the amount of the purchase price for 33 bushels and 40 pounds of said wheat. In addition thereto the plaintiff purchased from Wendahl 111 bushels and 32 pounds of barley. The purchase price for this grain it paid to Wendahl. On November 9, 1928, the sheriff,

or his deputy, caused to be delivered to the elevator of the plaintiff at Dodge, North Dakota, the wheat which had been levied upon by the sheriff, under the execution, on September 12, 1928. On or about December 8, 1928, the Schweigert-Ewald Lumber Company caused to be executed an undertaking to indemnify the plaintiff against the claim, among others, of Smith and Scott under their threshing lien. The undertaking recites that the plaintiff had caused an execution to be issued upon a judgment in favor of the Schweigert-Ewald Lumber Company as plaintiff and against Wendahl as defendant and that the sheriff of Dunn county had levied upon 900 bushels of wheat belonging to said defendant "which nine hundred (900) bushels of wheat have been delivered by the said sheriff of Dunn county, North Dakota for sale to the Farmer's Co-operative Elevator Company of Dodge, North Dakota, and which grain is now in possession of said elevator company, and whereas, it appears that Reinholt Smith and Vernon Scott did on the 22nd day of September, 1928, file a thresher's lien against the above named defendant, C. H. Wendahl, in the sum of Two Hundred Sixty-one and 75/100 Dollars ($261.75) covering the grain raised on the Southeast Quarter (SE¼) of section six (6) and the Southwest Quarter (SW¼) of section Five (5), in Township One Hundred Forty-three (143) North of Range Ninety-one (91) situated within Dunn county, North Dakota. . . .

Now, therefore, in order to protect the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, against the wrongful claims of Reinholt Smith and Vernon Scott on account of the thresher's lien . . . so filed and claimed, in so far as the same may be legitimate liens and claims, having priority over the levy on the said nine hundred (900) bushels of wheat by the sheriff of Dunn county, North Dakota, as hereinbefore described and should it 'be established by a competent court having jurisdiction that said . . . thresher's lien or any part thereof have priority over the claim and right of the plaintiff as a judgment creditor by virtue of said sheriff's levy under execution and conditional in event that the said claimant of the . . . . thresher's lien should make demand upon the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, for payment to them of said lien out of the said nine hundred (900) bushels of wheat aforesaid or the proceeds of the sale thereof, that the said Farmer's Co-

operative Elevator Company of Dodge, North Dakota, will inform the plaintiff above named of such demand and permit the plaintiff to furnish counsel for the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, in resisting the claim of said lien claimants and represent the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, in any action at law brought before any of the courts in the state of North Dakota by or on account of the said lien claimants on account of the said nine hundred (900) .bushels' of wheat aforesaid, we, the above named plaintiff as principal, and the undersigned, as sureties, undertake, promise and agree to and with the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, that the said plaintiff shall and will protect and indemnify the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, against all costs and damages that it may legally sustain in connection with any litigation against said elevator company on account of the claims of said lien claimants and upon the said nine hundred (900) bushels of wheat.' "

This undertaking was signed by the Schweigert-Ewald Lumber Company as principal and by the defendants Theo. P. Ewald, Fred Schweigert and Fred Schwenk, as sureties. .

After this undertaking had been executed and delivered to the plaintiff it paid to the sheriff of Dunn county for the Schweigert-Ewald Lumber Company $612.70, as and for the purchase price of the wheat which had been levied upon under the execution and delivered to the plaintiff prior to the execution of such bond. The thresher's lien was assigned by Smith and Scott to the Farmer's Credit Company of Dodge, North Dakota, and that company brought an action against the plaintiff for conversion of the grain grown by the said Wendahl upon the premises aforesaid and threshed by the said Smith and Scott, claiming that such grain was subject to the thresher's lien. In accordance with the terms of the undertaking furnished to the plaintiff, the defendants were notified of the action and they appeared therein by counsel and resisted the claims of the plaintiff therein. The action resulted in a judgment in favor of the Farmer's Credit Company, the plaintiff in that action, and against the said Farmer's Co-operative Elevator Company, the plaintiff in this case. Execution was issued upon the judgment and the plaintiff here was required to pay and

did pay the sum of $356.54 in satisfaction thereof. The defendants failed to reimburse the plaintiff for the amount it was required to pay in satisfaction of the judgment and the plaintiff thereupon instituted this action to recover upon the undertaking.

It is the contention of the appellant: (1) That the plaintiff, in order to recover in this action, must prove that the thresher's lien claimed and filed by Smith and Scott was a valid lien; and (2) That even though a valid lien existed the plaintiff must show that the suit brought against the plaintiff by the Farmer's Credit Company of Dodge, North Dakota, and which resulted in a judgment for which indemnity is sought here, was occasioned by the purchase of the plaintiff of the grain which had been levied upon under the execution issued upon the judgment in favor of the Schweigert-Ewald Lumber Company; and that the plaintiff has failed to establish either of these propositions.

Appellant, also, contends that there was no consideration for the undertaking, and that hence no right of action can be predicated upon a breach thereof.

The facts in the case were stipulated; no evidence whatsoever was taken. We do not have before us even the pleadings in the action in which the judgment in question here was rendered. These pleadings, however, were available to the trial court by whom the action was tried and determined. In a memorandum opinion filed with the findings in this case the trial court said:

"From the completion of the threshing Smith & Scott had a prior inchoate lien upon all the grain threshed for Wendahl, including that levied upon by the sheriff. The plaintiff had purchased and paid for a portion of the grain threshed before the notice of levy was filed. No actual notice of levy was given the plaintiff, but, of course, it had constructive notice from the time of the filing of the same with the register of deeds. Thereafter the grain levied upon was delivered to plaintiff. At that time plaintiff had notice not only of the execution but also of the thresher's lien. It had a right to hold the grain for its own protection against these two liens. Defendant desired the money for the grain and in order to obtain it gave the bond in question, therein recognizing and specifically indemnifying plaintiff against this particular lien. The material recital in the bond is that the obligors

will indemnify the plaintiff against costs and damages on account of the thresher's lien, if it have priority over the levy of defendant upon, the grain levied upon by the sheriff and if the obligee shall be obliged to pay said lien. The statute provides the lien shall have priority over all other liens and encumbrances on the grain threshed. Judgment was rendered against the plaintiff for the amount of said lien, execution was issued thereon and levied upon plaintiff's property and plaintiff was obliged to pay said judgment and costs. The plaintiff could not say from what property the holder of the lien should satisfy the same for the lien was a lien upon all of the grain threshed.

Under the facts in this case the obligors and the sureties on that bond are estopped to deny the plain recitals in the bond. The defendant is in no position in this case to deny liability on this bond and plaintiff is entitled to judgment. . . ."

So far as the first contention is concerned, namely, that the plaintiff was required to establish that the thresher's lien claimed by Smith and Scott was a valid lien and that it has failed to do so, we are wholly agreed with the views expressed by the trial court. The question of the validity of that lien was obviously involved in the former action, that is, the action in which the judgment was rendered. The condition of the bond was that the plaintiff should be indemnified against any demand or suit upon this lien. The defendants concededly were notified of the action. They procured counsel and were placed in charge of the defense with the result that the judgment was obtained. That judgment could have been obtained only provided the lien was determined to be a valid one. We are agreed that in the circumstances the validity of the lien is not subject to controversy here. In any event the alleged defects in the thresher's lien do not appear to be of any substance. The lien seems to have been in substantial compliance with the statute.

(2) We are also agreed that the second contention of the appellants cannot be sustained. The condition of the undertaking in suit was to the effect that if it should "be established by a competent court having jurisdiction that said . . . thresher's lien or any part thereof have priority over the claim and right of the plaintiff as a judgment creditor by virtue of said sheriff's levy under execution and conditional

in event that the said claimant of the . . . thresher's lien should make demand upon the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, for payment to them of said lien out of the said nine hundred (900) bushels of wheat aforesaid or the proceeds of the sale thereof, that the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, will inform the plaintiff above named of such demand and permit the plaintiff to furnish counsel for the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, in resisting the claim of said lien claimants and represent the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, in any action at law brought before any of the courts in the state of North Dakota by or on account of the said lien claimants on account of the said nine hundred (900) bushels of wheat aforesaid, we, the above named plaintiff as principal, and the undersigned, as sureties, undertake, promise and agree to and with the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, that the said plaintiff shall and will protect and indemnify the said Farmer's Co-operative Elevator Company of Dodge, North Dakota, against all costs and damages that it may legally sustain in connection with any litigation against said elevator company on account of the claims of said lien claimants and upon the said nine hundred (900) bushels of wheat."

As said, we do not have before us either the pleadings or a transcript of the evidence in the action which was brought to enforce the claim predicated upon the thresher's lien. But it is undisputed that an action was brought by the then holder of such lien against the Farmer's Co-operative Elevator Company of Dodge, North Dakota, and that it informed the Schweigert-Ewald Lumber Company of such demand in conformity with the provisions of the undertaking and that such company furnished counsel, who appeared upon the trial of the action and resisted the claim, and that the result of the trial was that the judgment in question was obtained. Surely the only reasonable inference that can be drawn from these facts is that the suit must have been one which both parties were agreed fell within the terms of the undertaking. If the claim had been one outside of the terms of the undertaking there would have been no reason for the defendants taking charge of the defense. It seems clear that at the time the parties must

have construed the demand of the plaintiff in that suit as being one which the Schweigert-Ewald Lumber Company was required to defend under the terms of its undertaking.

The undertaking in question was executed in the following circumstances: the plaintiff had some time previously purchased and made settlement for all the grain received from Wendahl with the single exception of the wheat which had been levied upon under the execution issued upon the judgment in favor of the Schweigert-Ewald Lumber Company. This wheat was then in the possession of the elevator company, having been delivered to it on November 9, 1928, and stored in the name of Wendahl and the sheriff. The defendant, Schweigert-Ewald Lumber Company, desired to have this wheat sold and to have the elevator company pay to it the amount of the purchase price at the then market price. This the elevator company refused to do and in order to induce the elevator company to purchase the wheat and pay the purchase price to the Schweigert-Ewald Lumber Company the undertaking in question was executed to indemnify the plaintiff against the thresher's lien. If the thresher's lien was valid, every kernel of that wheat was subject to it. The thresher's lien, if valid, was clearly enforcible against such wheat and did have priority over the levy made under the execution. We are all agreed that the only reasonable inference that can be drawn from the undisputed facts is that the claim presented and which formed the basis of the suit in which the judgment in question here was obtained was one which fell within the terms of the undertaking.

(3) The contention that the bond is without consideration is obviously without merit. The Farmer's Co-operative Elevator Company had in its possession grain against which there were conflicting claims. It had a right to take such steps as would protect its interests against all claims or liens then asserted against the grain. That is, it was in position to protect itself fully against both the claim under the execution and the claimant under the threshing lien. It could not have been required to pay the purchase price to the Schweigert-Ewald Lumber Company and take chances on later being made subject to a suit by the holder of the thresher's lien. The Schweigert-Ewald Lumber Company desired to obtain payment and in order to induce the eleva-

tor company to make such payment it caused the bond to be executed and delivered to it. The facts in the case show ample consideration for the undertaking.

Judgment affirmed.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.