[File No. 77 Cr.]

STATE OF NORTH DAKOTA, Respondent, v. CHRIS LAMOREAUX, Appellant.

(241 N. W. 595.)

Opinion filed March 9th, 1932.

*William Anderson*, for appellant.

*James Morris, Attorney General*, and *Walter G. McDonald*, for respondent.

Burke, J. This is an appeal from a judgment of conviction in the county court of Benson county, of the offense of receiving stolen property of the value of $17.00 and from an order overruling a motion for new trial.

It is the contention of the appellant that the court erred in permitting the jurors to separate after the case had been finally submitted to them. The case was submitted to the jury at 5:45 P. M. on a very stormy evening on the 20th day of November, 1930. A short time after the jury had retired, the trial judge, Hon. O. D. Comstock, met defendant's attorney in the cloak room of the courthouse and stated to him that on account of the storm he thought of calling the jurors back and excusing them for the night. The defendant's attorney Mr. Butterwick made no objection and he was also present when the jurors were later brought into the courtroom by the bailiff and excused by the judge, without objection on the part of defendant's attorney.

The defendant states in an affidavit that he did not consent to a separation of the jury, but he does not say that he was not present when the jury was excused and permitted to separate.

There are affidavits from each juror stating, that before they were permitted to separate, "the judge cautioned us again not to discuss the case with anyone and not to allow any one else to talk to us about it, and that at no time during the trial did affiant ever discuss the case with anyone nor did anyone discuss it with affiant."

T. A. Hanson and Harry Adelman made affidavits stating, in substance, that the jurors, while at supper in the hotel, discussed the case among themselves and laughed and joked about it.

H. C. Hanson states in an affidavit that he and Even Lamen were appointed by the court as bailiffs in charge of the jury. That they made arrangements at the hotel for the jurors' supper; that they ate at tables by themselves away from the public and during all of the time he was in charge of the jurors, he did not hear or see a juror talk to anyone and did not see anyone talk to any of the jurors.

There is no claim that there was any error in the trial. The con-

tention is that it was error to permit the jury to separate, after having once retired for a consideration of the case. It is well settled in this jurisdiction that a separation of the jurors after the case is finally submitted, is an irregularity, but where it affirmatively appears that no improper influences were used or attempted, and that no prejudice could have resulted therefrom, such irregularity does not entitle the defendant to a new trial. State v. Zimmerman, 60 N. D. 256, 79 A.L.R. 816, 233 N. W. 845; People v. Carson, 49 Cal. App. 12, 192 Pac. 318. In each case a juror was absent for a very short time and it affirmatively appears that no improper influences were used or attempted.

In the instant case the jury had been out for some little time after retiring, when they were brought into court by the bailiff under orders from the court. They were again admonished not to talk to anybody about the case or to permit anybody to talk to them, after which admonishment the court permitted the jurors to separate, but ordered them to appear in court the next morning at nine o'clock. At nine o'clock the next morning they appeared and were again sent out by the court for a further consideration of the case, and in a very short time they found the defendant guilty.

The only question on appeal is was it error for the court to permit the jury to separate after the case had been submitted to them. South Dakota under the same statute, in the case of State v. Church, 7 S. D. 289, 64 N. W. 152, said: "Under § 7399 of the Compiled Laws, (which is § 10,857 of the Compiled Laws of N. D. 1913) it is within the discretion of the trial court, under the required admonition, to allow the jury in the criminal prosecution to separate at any time before the case is submitted to them, or he may require the jury to be kept in charge of officers, who 'must be sworn to keep the jurors together until the next meeting of the court, to suffer no person to speak to or communicate with them, nor to do so themselves on any subject connected with the trial, and to return them into court at the next meeting thereof;' but we know of no statutory provisions which authorize a court to permit a jury to which a criminal case has been finally submitted to separate, after they have retired for deliberation to the seclusion of a jury room. If, from any cause or accident, a jury in a criminal case is prevented

from being kept together after a final submission of the same, the jury may, under §§ 7413 and 7415, (10,872 and 10,874 N. D. Compiled Laws 1913) be discharged and the cause may be again tried at the same or any other term as the court may direct; and, in express terms, the separation of a jury without leave of court, after retiring to deliberate upon the verdict, is made a ground for a new trial, under § 7450; and our attention has been called to no statutory provision nor judicial determination imposing the burden upon the accused to show that he has been injured by reason of such separation after a final submission of the case. If one separation of a jury on account of fire for five minutes without leave of the court in a criminal prosecution, after retiring to their room for deliberation, is not an irregularity presumptively prejudicial to the accused, how often, for what length of time, and under what circumstances, may. they not separate? We believe that the true and only safe rule to be that, where the separation is such that one or more of the jurors might have been improperly influenced by others, and there is nothing reliable to show that such influence has not been exercised to the prejudice of the accused, the verdict should be vacated, and the case retried . . . Mr. Abbot, in his Trial Brief for Criminal Causes, at page 180 announces the following as a general rule: 'In the discretion of the court, the jury may be permitted to separate in the intervals of the trial, until the case is finally submitted to them, but not thereafter until they have returned their verdict.' "

This opinion was written on rehearing and it overrules the former decision of the court in the same case, 6 S. D. 89, 60 N. W. 143. In this case after the jury had retired the courthouse caught fire and in the confusion of getting out of the courthouse some of the jurors were separated from each other as much as five minutes.

The case of People v. Hawley, 111 Cal. 78, 43 Pac. 404, is a case very much in point. After the jury had retired, one of the jurors sent a message to the court, asking that they be permitted to view the premises involved. The jury was brought in, after a consultation having been had between the judge, the attorney for the state and the attorney for the defendant, not in the hearing of the jurors. Mr. Hosmer for the state, protested against granting the request stating that to do

so or allow new evidence or a separation of the jury might be equivalent to an acquittal, whatever the verdict might be. The court suggested that if defendant's attorney and the defendant personally would consent, a view might be had. It was then late in the evening and the question arose whether the jury should be locked up all night, as a view could not be had until morning. The court was reluctant to lock them up under the circumstances, and Mr. Massey, attorney for the defendant, stated that he would consent to the separation and the defendant would also. The court said that with that understanding he would allow the jury to go home for the night and it was arranged that Mr. Massey should make a motion to that effect, the court being of the opinion that the defendant's consent would cure the irregularity. On appeal the court said, "The separation of the jury after they are sworn, even during the trial, was never permitted at common law in cases of felony, and in many states is not now permitted in capital cases. Our statute permits such separation in all cases before the submission of the case, in the discretion of the court, but expressly provides that after retiring to deliberate upon their verdict, they must be kept together. The court, therefore, had no authority, either under the statute or at common law, to permit the separation, nor could the consent of the defendant or his counsel operate to empower or excuse the violation of an express provision of the statute.

"In the state of Ohio the statute provided that 'in the trial of felonies the jury shall not be permitted to separate after being sworn, until discharged by the court.' In Cantwell v. State, 18 Ohio St. 477, 481, after the jury were sworn they were permitted to separate from Saturday until Monday, with the defendant's consent, and it was contended that he could not complain of the action of the court. The supreme court said: 'It is to be observed that the language of the statute is imperative, and that no provision is made for exceptional cases, nor for any discretionary action in the matter of the court, either with or without the consent of the parties.' " People v. Adams, 143 Cal. 208, 76 Pac. 954, 66 L.R.A. 247, 101 Am. St. Rep. 92; People v. Cord, 157 Cal. 562, 108 Pac. 511; Territory v. King, 6 Dak. 131, 50 N. W. 623; State v. Prescott, 7 N. H. 287; Peiffer v. Com. 15 Pa. 468, 53 Am. Dec. 605; Com. v. Roby, 12 Pick. 519; Organ v. State, 26 Miss. 78;

People v. Brannigan, 21 Cal. 338; People v. Barrios, 52 Cal. App. 528, 199 Pac. 58.

In some states statutes have been passed permitting the separation of jurors after the case has been finally submitted in cases of misdemeanors. The case of State v. Church, cited above, is a misdemeanor, but as said by the South Dakota court, the statute makes no distinction between felonies and misdemeanors. The statute says specifically that jurors sworn to *try a criminal action* may at any time before the cause is submitted to the jury, in the discretion of the court, be permitted to separate or be kept in charge of the proper officers, etc. In the case of People v. Weston, 32 Cal. App. 571, 163 Pac. 692, one of the jurors became temporarily ill. The judge was absent from the courthouse. No one was within reach to whom the officer could apply for an order to permit him to call a physician. He telephoned for a doctor and permitted the doctor to enter the jury room and prescribe for and treat the juror. The officer was present all of the time and sat in hearing of the doctor and nothing was done or said except to relieve the condition of the sick juror, who was quickly relieved of his pain. The court said: "Pen. Code, § 1121, requiring the jury not to communicate with others on any subject connected with the trial, should be given a reasonable construction, so that where a juror was suddenly taken ill it was not error for the sheriff to admit a physician to care for the juror, where the sheriff remained in the room and no communication as to the trial passed between the juror and physician."

The primary purpose of keeping the jury together during the trial is to prevent communications reaching them except through the properly guarded channels of the law. The cases on the subject are collected in the note to People v. Casino, 295 Ill. 204, 129 N. E. 145, in 34 A.L.R. 1102, notes from pages 1115 to 1245.

There is some confusion in the decisions arising from different statutes and there is a clear distinction between separation of the jurors before the case is finally submitted to them and after the case has been submitted. It has always been and is now clearly the intent of the law, requiring jurors to be kept together, to safeguard the rights of the defendant and of the state, by preventing an opportunity for communication with the jurors after the case has been finally submitted. It is

true that under subdivision three of § 10,917 a new trial may be granted where the jury have separated without leave of the court after retiring to deliberate upon their verdict. Under this subdivision it has been held that the court has implied authority to permit the jury to separate, but this statute must be read in connection with § 10,857, which states specifically that "The jurors sworn to try *any criminal action,* may, at any time before the cause is submitted to the jury, in the discretion of the court, be permitted to separate or be kept in charge of proper officers. The officers must be sworn to keep the jurors together until the next meeting of the court, to suffer no person to speak to or communicate with them, nor to do so themselves, on any subject connected with the trial and to return them into court at the next meeting thereof." This is the only statute which expressly gives the court authority to permit the jurors to separate and the authority given is limited to the granting of permission before the case is finally submitted. It follows that any action on the part of the jurors in conflict with this section is irregular, but there are cases like the California case, where the doctor was called in an emergency and where it appears affirmatively that no harm was done; like the Zimmerman Case, 60 N. D. 256, 233 N. W. 845, 79 A.L.R. 816, and People v. Carson, 49 Cal. App. 12, 192 Pac. 318, supra, and in such cases where it affirmatively appears that there was no prejudice, a new trial should not be granted. In the instant case, however, after the case had been submitted to the jury and the jurors had been considering it for some time, they were called in and were permitted to separate for the night with instructions to return in the morning at nine o'clock.

We are of the opinion that the statute does not contemplate any such separation after the case is finally submitted. Such a separation furnishes the opportunity, which the statute is intended to avoid. Inasmuch as the statute does not make any distinction between felonies and misdemeanors, but applies specifically to all criminal actions, the judgment appealed from must be and is reversed and a new trial is ordered.

BIRDZELL and NUESSLE, JJ., concur.

BURR, J. (dissenting). The only question involved in this case is—

was it error for the court, under the particular circumstances of this case, to permit the jury to separate after the case was submitted to them and before the verdict was returned?

The case was submitted to the jury at 5:45 P. M. on November 20, 1930. On account of a storm raging, the trial court in consideration of the interests of the jurors, desired to permit the jury to separate so as to go home and look after affairs. But before this, however, in the absence of the jury, he consulted with Mr. Butterwick then counsel for the defendant as to his intention and there being no objection voiced by the counsel for the defendant he had the jury brought into court. The defendant, in his affidavit says:

"That the defendant after the court had instructed the jury visited with his wife in the court room for a few minutes and then . . . started down town and he had gotten to the first stair landing out of the court room and stood there visiting . . . for a short time and while so doing his daughter called to him that the jury had returned into court and were through. That thereupon he went upstairs and entered the court room; that the judge was releasing the jury then and he did not at that time know what had been done and he had not been advised by his attorney of what had been done prior to it and did not know till the jury was released what had been done. He did not give his consent to the discharge of the jury in this manner nor did he know that they were discharged by the court at the time he entered the court room as it was too late for him to sense what was going on before the jury was discharged in this manner. If his attorney made an assent to this it was without the knowledge or consent of the defendant and that he gave him no authority to waive any of his legal rights in the premises if he had any."

Defendant's counsel was present, listened to the statements of the court permitting the jury to separate, and to the instructions the court gave to the jury regarding their duty not to consider the case until they met for deliberation. Neither the defendant nor his counsel raised any objection to the separation—in fact it is clear the separation was with the tacit approval of the defendant's counsel, and therefore of the defendant.

As early as 1891 this court discussed the effect of tacit consent by

party and consent through counsel. In Boss v. Northern P. R. Co. 2 N. D. 128, 141, 33 Am. St. Rep. 756, 49 N. W. 655, the general principle is announced that "when counsel so sit by without objection, they must be held to waive the error." Of course this is dealing with the question of instructions, but it is discussing the general effect of waiver and says that "such a course is not fair to the court."

The defendant was being tried for a misdemeanor. He could waive his right to be present at the trial (Comp. Laws, § 10,771) ; he could waive his right to a trial by jury (Comp. Laws, § 8966) ; and certainly he could waive his right to the jury being kept together.

In State v. Glass, 29 N. D. 620, 638, 151 N. W. 229, where the defendant was being tried for murder, is found a long list of conditions and situations where we held "the doctrine of waiver and estoppel applies to a defendant in a criminal case." Among these such a vital matter as the right to be confronted by the witnesses against him is cited as being subject to waiver. The case is of interest because it shows the trend away from the strict technical rules of old suggested by change in conditions.

It will be noted this separation was not a case of "misconduct on the part of the jury;" but was with the consent of the defendant and under the direction of the court. If a separation of jurors without the consent of the court, and in violation of the instructions of the court, does not in all cases vitiate a verdict then why should a separation permitted by the court with the consent of the defendant and in a case of a misdemeanor vitiate the verdict? In the case of State v. Thompson, 56 N. D. 716, 219 N. W. 218, it was held the defendant by his own action could waive his statutory right to be present when the verdict was received. In State v. Zimmerman, 60 N. D. 236, 233 N. W. 845, 79 A.L.R. 816, where the defendant was being charged with a felony, it was held that a temporary separation of a juror, although in violation of the instructions of the court did not vitiate the verdict when no prejudice was shown.

A new trial can not be granted except on the grounds set forth in the statute. Comp. Laws, § 10,917. These statutory grounds are exclusive in their nature. State v. Hagen, 54 N. D. 136, 208 N. W. 947. Subdivision 3 of said section says: "When the jury have sepa-

rated without leave of the court, after retiring to deliberate upon their verdict, or have been guilty of any misconduct by which a fair and due consideration of the case has been prevented." But misconduct does not apply here, because this action involved was not misconduct of the jury. It was not in violation of any instruction or direction of the court, but was in harmony therewith. It may be said that if we consider the statement which says "when the jury have separated without the leave of the court, after retiring to deliberate upon their verdict," this must be considered in the light of the other sections which require the jury to be kept together until a verdict is rendered or until they are discharged, but it is clear there is nothing in what the jury did of its own volition, which justifies a new trial.

Subdivision 5 says a new trial may be granted when the court "has done or allowed any act in the action prejudicial to the substantial rights of the defendant." If there be error here it was error on the part of the court; but such error must be prejudicial to the defendant's substantial rights. The record affirmatively shows there was no prejudice to his substantial rights.

On this appeal the appellant, in his specifications of error, nowhere specifies that the evidence is not sufficient to justify the verdict. It is true one specification says "The court erred in refusing to grant the defendant herein a new trial as prayed for in a motion for a new trial." But the specification of error thereafter, in setting forth wherein the court erred, nowhere specifies the insufficiency of the evidence, though the motion for a new trial as made in the lower court did say "the verdict is contrary to law and clearly against the evidence." But the verdict is not against the evidence, as an examination of the evidence shows.

We must recall the consent of the defendant, through his counsel, was not obtained in the presence of the jury. It might be that the refusal of a defendant to consent to a separation, made in the presence of the jury and on such an occasion as this, where the jurors were anxious to get home to attend to their stock, might raise the question of prejudice against him if he had refused; but that is not the situation here. His consent through his counsel, by failing to object and by his tacit approval, was made in the absence of the jury and the jury when brought in must have known the defendant consented, and therefore if

it had any effect would be likely to make a favorable impression for him.

· No prejudice is shown here. Every one of the jurors swears that they had not begun to deliberate or consider the case when they were recalled to the court room and discharged. Each one swears that he did not talk with any one or discuss the matter with any one while separate from the others. It is true there are affidavits from two outsiders stating they heard some references to the case—its triviality and its expense—on the part of some of the jurors while in custody of the bailiff. But this is contradicted by the jurors and by two others. Clearly it affirmatively shows no prejudice resulted.

The majority opinion cites the case of State v. Church, 7 S. D. 289, 64 N. W. 152, but the case is not in point. Here was a separation without the consent of the court, without the consent of the defendant, and against the instructions of the court. And such separation, occasioned by a fire, was of such a character that the court said "in the absence of anything to the contrary, we cannot presume that no member of the jury, while out of sight of the sworn officer, separated from his fellows, and mingled with the jostling throng, was subjected to contaminating influences; . . ." Such case is not applicable.

The majority opinion cites the case of People v. Hawley, 111 Cal. 78, 43 Pac. 404. This case is not applicable because it was a case involving a felony, burglary in the second degree, and the case itself shows that the court is considering the effect of separation by permission of the court in the trial of a felony. The quotation in the main opinion bears this out. The case of Cantwell v. State, 18 Ohio St. 477, cited in the opinion involved a felony. The other cases cited in support of the statement from the Ohio court deal also with separation in cases of felony.

To say that the separation of the jury by direction of the court and with the tacit approval of defendant's counsel, in a case which ordinarily could be tried by a justice of the peace, or a justice and one juror, where the evidence shows defendant guilty and where it affirmatively appears there was no prejudice to him, necessitates a new trial, is certainly overlooking the principle involved in § 11,013 of the Comp. Laws which says: "After hearing the appeal, the court must give

judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties."

The judgment should be affirmed. I am authorized to say Judge CHRISTIANSON concurs in this dissent.