THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS RAMÓN ROSADO MÁRQUEZ, Defendant and Appellant.

No. 16040.  Argued December 5, 1955.—Decided March 26, 1956.

---

*Ernesto R. Rodríguez Aponte* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán* and *Ramón Olivo Nieves, Fiscal* and *Special Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Appellant prays for the reversal of the judgment rendered against him by the San Juan Part of the Superior Court for the offense of burglary in the first degree. He was charged with entering "illegally, voluntarily, and maliciously . . . , during the nighttime, the residence of Stanley F. Trierweller, with the intent to commit, as he did commit, grand and petit larceny." He assigns three errors.

In the first assignment he maintains that the court of first instance erred in finding him guilty, since it was not proved that he entered the residence at nighttime, a contention which in our opinion is wholly without merit. The evidence introduced by the prosecuting attorney showed that Trierweller and his wife returned from the movies between 11:30 and 11:35 p.m. of April 6, 1954, and found appellant inside the house as he was about to jump out of the window, the screen of which had been cut open after the Trierweller's left the house to go to the movies. The

defendant was wearing Mrs. Trierweller's shoes and had in his possession other articles belonging to her. There was no evidence as to the hour he entered the house; however, from the evidence introduced the lower court was able to determine, as it apparently did, that it happened at night-time. There is no reason to disturb that conclusion. *People* v. *Barrios*, 199 Pac. 58 (Cal.) ; *People* v. *Mc Carty*, 48 Pac. 984.

▮ Appellant contends in the second assignment that the lower court erred in finding him guilty, "when in the opinion of the judge himself the principal intention of the defendant was not to commit grand or petit larceny, but to remain in Puerto Rico—the defendant was a member of the Armed Forces—so as to evade the Military Order to leave for Korea." Trierweller testified that upon discovering the defendant in his house, the latter told him "that his mother was very ill and that he knew that they were going to send him to Korea within one week, and that he was doing that," meaning the fact of entering the residence, "so he would not have to go." After the presentation of the evidence, the lower court stated as follows: "There is no doubt that the trouble with this fellow is that he did not want to go to Korea and committed burglary . . . , so he could remain in Puerto Rico. Either he was frightened or worried about his mother's illness, and therefore committed burglary so he would not have to go to Korea. That shows that he knew what he was doing and committed burglary by breaking into an apartment at nighttime with the intent to commit grand or petit larceny, which he did commit."

A mere reading of these statements is sufficient to conclude that this assignment is also without merit. What the court meant to say was that the motive of the offense was defendant's reluctance to leave Puerto Rico, but not that he did not intend to commit it. On the contrary, it stated clearly, as has been noted, that the defendant committed

"burglary by breaking into an apartment at nighttime with the intent to commit grand or petit larceny, which he did commit."

█ In the third and last assignment the accused complains that he was found guilty of burglary in the first degree, in view of the fact that he was incapacitated to conceive the specific intent to enter the residence for the purpose of committing grand or petit larceny. He testified that during the morning of April 6, 1954, he had been drinking beer in his house and later "had a few more drinks at the bar, and from there I went to the bridge to get some fresh air; there I engaged in conversation with some fellows" and smoked cigarettes, without realizing what happened thereafter, until he felt "that he was slapping my face," referring to the blows allegedly inflicted upon him by Trierweller upon finding him inside his residence. In *People* v. *Rosado*, 78 P.R.R. 25, relied upon by the defendant, this Court stated as follows: "Section 408 of our Penal Code explicitly requires that in order to commit the offense of burglary the entering into the house, store, etc., must have been 'with intent to commit grand or petit larceny . . .' So then, in this offense the intent plays an important role, and the determination of whether or not there was an intent must be left entirely to the trier of facts, which in this case was the jury which sat in the case."

The court which tried appellant, after considering and weighing all the evidence presented, concluded that the intent required by law was manifest, a conclusion which is supported by the evidence from which such intent may be inferred.

The judgment appealed from will be affirmed.